## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| **KEVIN R. CAMPBELL,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 1:22-cv-00350-HAB-SLC** |
| | ) |
| **REGAL ASSETS, LLC,** *et al.,* | ) |
| **Defendants.** | ) |

## <u>OPINION AND ORDER</u>

Plaintiff filed his complaint in this action on October 5, 2022, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Subject-matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff's allegations of diversity, however, are deficient.

In the complaint, Plaintiff alleges that "[t]his Court has jurisdiction in accordance with 28 U.S.C. § 1332 . . . in that the Plaintiff is an Indiana resident." (ECF 1 ¶ 4). "But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). The Court must be informed of Plaintiff's domicile.

As to Defendants, Plaintiff alleges that Defendant Regal Assets, LLC, "is headquartered in California and is presumed to be a Delaware limited liability company." (ECF 1 ¶ 5). But a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the

citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Accordingly, the Court must be informed of the name and citizenship of each member of Regal Assets, LLC, tracing such citizenship through all applicable layers of ownership to ensure that none of the members share a common citizenship with Plaintiff. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[C]itizenship of unincorporated associations must be traced through however many layers of partners or members there may be." (citations omitted)).

Plaintiff alleges that Defendant Kingdom Trust Company "is headquartered in Kentucky, and is presumed to be [a] Kentucky company." (ECF 1 ¶ 6). This allegation is insufficient, as Plaintiff must set forth what type of "company" this Defendant is. If Kingdom Trust Company is a corporation, then it is considered a citizen of the state by which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *N. Tr. Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990). If Kingdom Trust Company is a limited liability company or unincorporated association, then it has the citizenship of each of its members or owners. *See Cosgrove*, 150 F.3d at 731; *Meyerson*, 299 F.3d at 617.

Further, Plaintiff's allegations about each Defendant's citizenship state that he has "presumed" certain information. (ECF 1 ¶¶ 5, 6). However, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted) (collecting cases).

As the party seeking to invoke federal diversity jurisdiction, Plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save*

*Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Here, he has not yet carried that burden. Therefore, Plaintiff is AFFORDED to and including October 21, 2022, to file a supplemental statement that adequately articulates each party's citizenship for diversity jurisdiction purposes.

SO ORDERED.

Entered this 7th day of October 2022.

/s/          S/Paul R. Cherry
Paul R. Cherry
United States Magistrate Judge